## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

RECEIVED & FILED
2018 MAY 21 P 4:42
DEPUTY CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Case No.: 2:18-mj-167-JHR |
| v. | ) |
| | ) Violation: |
| HUSSIEN NOOR HUSSIEN, also | ) 18 U.S.C. § 1425; 8 U.S.C. § 1451(e) |
| known as ABUKAR HASSAN ABDULE | ) |

## CRIMINAL COMPLAINT

I, James Sauer, the complainant in this case, being duly sworn, state that the following is true and correct to the best of my knowledge and belief:

### Count One
### (Unlawful Procurement of Citizenship or Naturalization)
### 18 U.S.C. § 1425 and 8 U.S.C. § 1451(e)

1.  On or about October 28, 2011, in the District of Maine, the defendant,

**HUSSIEN NOOR HUSSIEN**
**also known as ABUKAR HASSAN ABDULE**

knowingly procured and attempted to procure naturalization for himself, contrary to law, in violation of Title 18, United States Code, Section 1425(b).

2.  This criminal complaint is based on the facts set forth in my affidavit, dated May 21, 2018, attached hereto and incorporated herein by reference.

James Sauer, Special Agent
U.S. Department of State
Diplomatic Security Service

Dated: 5/21/2018

STATE OF MAINE

Cumberland County

Subscribed and sworn to before me this 21st day of May, 2018

_____
John H. Rich III
United States Magistrate Judge

## AFFIDAVIT OF SPECIAL AGENT JAMES M. SAUER
## IN SUPPORT OF CRIMINAL COMPLAINT

I, James M. Sauer, being duly sworn, depose and state as follows:

### Background

1. I am a Special Agent of the U.S. Department of State, Diplomatic Security Service (DSS), assigned to the Portsmouth Resident Office in Portsmouth, New Hampshire. I have been a DS Special Agent for six years. I was previously a security contractor with the Department of State and other government agencies, and prior to that served in the U.S. Marine Corps for thirty years.

2. I have completed the Special Agent Training Program at the Federal Law Enforcement Training Center, Criminal Investigators Training Program, and the DSS Special Agent Basic Course. The DSS training covered various legal aspects of criminal enforcement of the criminal codes related to passport and visa fraud. I have conducted numerous investigations regarding violations of Title 18 of the United States Code.

3. As a Special Agent with DSS, I am authorized to conduct criminal investigations, make arrests, and execute search and arrest warrants for offenses in violation of the codes pertaining to passport and visa violations, as well as related violations of Title 18 of the United State Code. This affidavit is submitted in support of an Application for a Criminal Complaint and Arrest Warrant for Hussien Noor HUSSIEN.

4.      Since June 2017, I have been involved in the investigation of Hussien Noor HUSSIEN for Procurement of citizenship or naturalization unlawfully (18 U.S.C § 1425: 8 U.S.C § 1451 (e)), and related crimes.

5.      The facts and information in this affidavit are based on my personal knowledge as well as that of other law enforcement officers involved in this investigation. All observations that were not made by me personally were related to me by the persons who made the observations.

### Relevant Statutes

6.      Title 18, United States Code, Section 1425 states:

> (a) Whoever knowingly procures or attempts to procure, contrary to law, the naturalization of any person, or documentary or other evidence of naturalization or of citizenship; or (b) Whoever, whether for himself or another person not entitled thereto, knowingly issues, procures or obtains or applies for or otherwise attempts to procure or obtain naturalization, or citizenship, or a declaration of intention to become a citizen, or a certificate of arrival or any certificate or evidence of nationalization or citizenship, documentary or otherwise, or duplicates or copies of any of the foregoing.

7.      The statute of limitations for this offense is ten years as set forth in 18 U.S.C. § 3291.

### Summary of the Investigation

8.      Evidence obtained in this investigation establishes that on or about August 27, 2004, Hussien Noor Hussien, entered the United States under false pretenses, falsely claiming refugee status using the name and identification of another person, Abukar Hassan Abdule. He entered the country with the wife and children of Abdule, falsely claiming that they were his wife and children.

9.      He later obtained a Maine driver's license, falsely using the name Abukar Hassan Abdule. On March 22, 2007, Hussien fraudulently obtained Legal Permanent Resident Status under the name Abukar Hassan Abdule.

10. Finally, on May 25, 2011, Hussien Noor Hussien signed and filed a Form N-400 (Application for Naturalization) in the District of Maine using the name Abukar Hassan Abdule. In this application, he provided a false name, and falsely answered "no" to the question, "Have you ever committed a crime or offense for which you were not arrested?" He also falsely answered "no" to the questions, "Have you ever given false or misleading information to any U.S. Government official while applying for any immigration benefit or to prevent deportation, exclusion or removal?" and, "Have you ever lied to any U.S. Government official to gain entry or admission into the United States." Based upon this false application, Hussien's application was approved and Hussien Noor Hussien was naturalized in the District of Maine under the name Abukar Hassan Abdule on October 28, 2011.

## Details of the Investigation

11. On May 18, 2017, the Department of State, Bureau of Consular Affairs, National Passport Center (CA/PPT/NPC) referred the application of Hussien Noor HUSSIEN, 01/01/1963 of Somalia, to the Bureau of Diplomatic Security Service, Portsmouth Resident Office (DS/PSRO) for investigation into possible violations of passport fraud and aggravated identity theft. HUSSIEN previously naturalized and applied for a U.S. passport in the identity of Abukar Hassan ABDULE. The suspected passport fraud and identity theft was discovered during a fraud review of the applications of Abukar Hassan ABDULE's children in the normal adjudication process by the Fraud Prevention Manager (FPM). An initial investigation determined HUSSIEN did in fact use the identity of ABDULE to both naturalize and apply for passports in 2011 and 2013.

12. On November 8, 2011, a Form DS-11 (Application for a U.S. Passport), number 323796700, was executed by Hussien Noor HUSSIEN in the name of Abukar Hassan ABDULE,

at the United States Postal Service, located in Lewiston, Maine. HUSSIEN submitted a Maine Driver's License, number 4884327 as proof of identity and a Naturalization Certificate bearing his likeness filed on October 28, 2011, as proof of citizenship in support of his application. The application listed Batula ISMAIL as the ex-wife of ABDULE.

13.    On July 19, 2013, a Form DS-82 Application for U.S. Passport Renewal, number 257335375, with a name change from Abukar Hassan ABDULE to Hussien Noor HUSSIEN, was received at the National Passport Center. On August 8, 2013, passport #511585345 and passport card #C08046673 were issued to HUSSIEN in his own name.

14.    During a fraud review of the applications of Abukar Hassan ABDULE's children it was discovered that two individuals were using the Abukar Hassan ABDULE identity. HUSSIEN's likeness in passport applications #323796700, #257335375, and naturalization certificate # #34846063, did not match the individual pictured in the identification documents (refugee cards) submitted with the minor children's passports.

15.    U.S. Immigration records indicate Abukar Hassan ABDULE was accepted for resettlement as a refugee to the United States in 2004. The documents submitted with his minor children's passport applications were his refugee identity cards from Kenya issued in 2010 and 2015. All of ABDULE's consent forms for his minor children's passport applications were executed in Kenya where he appears to reside.

16.    On June 7, 2017, results of various law enforcement and open source database checks conducted during initial case intake determined that in August 2004, an individual using the name Abukar Hassan ABDULE entered the United States as a refugee with his supposed wife and children. Thereafter, the individual identifying himself as ABUDLE obtained various immigration benefits before naturalizing as ABDULE in October of 2011.

17.     In November 2011, the person using ABDULE's identity, executed a Form DS-11 (Application for a U.S. Passport), at the United States Postal Service, located in Lewiston, Maine. This person submitted a Maine Driver's License, number 4884327, bearing the name Abukar Hassan Abdule as proof of identity and a Naturalization Certificate bearing his likeness, filed on October 28, 2011, as proof of citizenship in support of his application.

18.     Two years later, in 2013, the person using the name Abukar Hassan Abdule used a Form DS-82, Application for U.S. Passport Renewal, number 257335375, to effect a name change from Abukar Hassan ABDULE to Hussien Noor HUSSIEN. The passport and card were issued by the National Passport Center.

19.     On June 29, 2017, I contacted Housing and Urban Development/Office of the Inspector General (HUD/OIG) Special Agent Janine Rocheleau regarding the possibility that the SUBJECT was residing with Runbila ADAN in Section 8 housing in Burlington, VT. SA Rocheleau was able to obtain the Tenant File from HUD, and confirmed that the SUBJECT was listed as a tenant with ADAN and five (5) children – two (2) of whom were adults.

20.     The Tenant File appeared to include a pay stub for the SUBJECT indicating that he worked at the Walmart in Williston VT. I contacted personnel officer Ann Perkins Cray at Walmart in Williston. Cray reported that the SSN and DOB for Abukar S. HASSAN did not match the SSN or DOB for the SUBJECT. Cray searched under Hussien N. HUSSIEN and found a match, confirming the SUBJECT's SSN, DOB, and address.

21.     On July 25, 2017, Investigative Analyst (IA) Andrew Lorello and I interviewed Batula ISMAIL in Auburn, ME. ISMAIL was cooperative, and with the help of her son, Abdillahi, who translated, stated that she married Abukar Hassan ABDULA in a Kenyan refugee camp about twenty years ago and divorced him in Kenya around 1997. In or around 2000, ISMAIL stated

that she married the SUBJECT, who is Abukar Hassan ABDULA's brother, Hussien Noor HUSSIEN. ISMAIL stated that the SUBJECT used his brother's ABDULA identity in order to obtain a visa to come to the United States with her and her children. She further stated that the SUBJECT was naturalized using his brother's name (Abukar Hassan ABDULA). ISMAIL stated that she was divorced from the SUBJECT several years ago in Lewiston District Court. ISMAIL was shown a picture of Abukar Hassan ABDULA (TRUE ID) taken from ABDULA's refugee card, and she stated that the person depicted was the father of her children. She was then shown passport photographs of the SUBJECT, and stated that his real name was HUSSIEN and that he had represented himself as ABDULA in order to obtain a visa and naturalize in the United States. During the interview, ISMAIL's son, Abdillahi, stated that he recognized the picture of ABDULA from the Kenyan refugee card as his father (ABDULA). He stated that he recognized the passport photograph of the SUBJECT as HUSSIEN. He stated that although he and his siblings had referred to the SUBJECT as "Dad," they knew that he was in fact their uncle.

22.   On May 11, 2018, Batula Hussien testified under oath consistent with what she stated in her 2017 interview. However, she clarified that Hussien and Abdula were not really "brothers," but were related, and that it was common for Somalis to refer to male relatives in that manner. She also testified that she never really considered herself to be married to Hussien.

23.   On July 26, 2017, I requested and received copies of the Complaint and Judgment for Divorce between "Abukar Hassan ABDULE" (Plaintiff) and Batula ISMAIL (Defendant) from the Lewiston District Court. In the Judgment for Divorce, dated January 27, 2011, the court found that: "1. The parties do not have children together. The court specifically finds and orders that the Plaintiff is not the father of the following children born to the Defendant:"

24.     On April 13, 2013, Hussien Noor Hussien obtained an order from a Vermont state court judge lawfully changing the names of children that he fathered with another woman. The birth certificates were changed to reflect that their father's name was Hussien Noor Hussien instead of Abukar Hassan Abdule.

25.     On 03/20/2018, the SUBJECT, Hussien Noor HUSSIEN, was interviewed by your affiant, accompanied by Special Agents Jeremy Anderson (DSS) and Janine Rocheleau (HUD) in the parking lot of the TD Bank, Winooski VT. The SUBJECT stated that in 2004 he used the name Abukar Hassan ABDULE on his refugee forms and other documents in order to come to the United States as the husband of Batula ISMAIL. He stated that the TRUE ID, Abukar Hassan ABDULE had cooperated in the deception. He explained that ISMAIL had been married to the TRUE ID, but they were divorced. HUSSIEN then married ISMAIL in the Kenyan refugee camp. He stated that he came to the United States pretending to be Abukar Hassan ABDULE, and the father of ISMAIL's children who are the biological children of the TRUE ID. He stated that he divorced ISMAIL (court records indicate a decree on 1/27/2011). The SUBJECT stated that he had always been known as Hussien Noor HUSSIEN, and that he used the name Abukar Hassan ABDULE for entry into the United States and to obtain naturalization.

26.     Based on the investigation, I believe that there is probable cause to believe that Hussien Noor HUSSIEN has committed violations of U.S Codes pertaining to visa, passport, and immigration fraud in violation of Title 18, United States Code, Procurement of citizenship or naturalization unlawfully 18 U.S.C § 1425: 8 U.S.C § 1451(e).

5/21/18
Date

James M. Sauer, Special Agent
U.S. Department of State
Diplomatic Security Service

STATE OF MAINE
Cumberland County

    Subscribed and sworn to before me this 21st day of May, at Portland, Maine.

_____
John H. Rich III
United States Magistrate Judge